ELLIS, Judge:
Greater Tangipahoa Utility Company, plaintiff herein, alleging itself to enjoy “the sole right of supplying water and sewerage facilities” to College Town Subdivision, brings this suit to enjoin the City of Hammond from installing a duplicate water and sewerage system in the said subdivision.
In its petition, plaintiff alleges that it is in the business of supplying water and sewerage services to the area known as College Town Subdivision pursuant to a franchise granted it by the Tangipahoa Parish Police Jury. It alleges that by virtue of various franchises and rights of way which are attached to and made part of the petition, it enjoys the sole right of supplying water and sewerage facilities to College Town Subdivision. It is further alleged that in order to furnish the facilities in the various areas served by it, including College Town Subdivision, that it had issued $1,063,000.00 worth of bonds, payable from the revenues derived from the water system owned, operated, and maintained by it, and that the said system is encumbered by a mortgage as security for the bonded indebtedness.
It is further alleged that the defendant City of Hammond has annexed College Town Subdivision into its city limits, and has indicated its intention to install a duplicate water and sewerage system in the area to be financed by mandatory taxation and assessments on the residents of the subdivision. Plaintiff alleges that the proposed installation of sewerage and water services by the City of Hammond is an unconstitutional invasion of plaintiff’s rights which would, if not enjoined, render their present facilities and systems valueless and result in irreparable injury, loss and damage to the plaintiff. Plaintiff prayed for a temporary restraining order, and, after hearing, a preliminary injunction and finally a permanent injunction to prevent the City from proceeding with its proposed system.
To the petition, the City of Hammond filed exceptions of res judicata and no cause and no right of action. A hearing was held on the exceptions, and the trial court thereafter maintained the exceptions of res judicata and no cause of action, and dismissed plaintiff’s suit. Plaintiff has appealed to this court.
In considering the exception of no cause of action, we must accept as true all well pleaded facts in plaintiff’s petition. However, the allegation that plaintiff enjoys the sole right to supply water and sewerage facilities to the subdivision is a conclusion which is not supported by the documents relied on by plaintiff. The documents show the franchise to be specifically non-exclusive in nature.
*512 The basis for the exception of no cause of action is that the City of Hammond has the authority to construct and operate revenue producing utilities, and that it may do so in direct competition with the holders of non-exclusive franchises.
Plaintiff contends that such action on the part of the City would constitute an unlawful impairment of its franchise, a valuable property right, without the payment of compensation for same. Plaintiff relies on Article I, Section 2 of the Constitution of this State, which reads as follows :
“No person shall be deprived of life, liberty or property, except by due process of law. Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.”
The City does not dispute plaintiff’s right to operate in College Town Subdivision under its franchise, but asserts its authority to operate in competition therewith under R.S. 33:4161 et seq.
Plaintiff, however, alleges that the exercise of this authority is unconstitutional because the resulting impairment of the value of its franchise would constitute taking or damaging of its property for public purposes without a prior payment of adequate compensation.
The legal question with which we are faced is, therefore, whether a municipality can construct and operate a public utility in direct competition with the holder of a non-exclusive franchise without first compensating the franchise holder for the damage to the value of the franchise which may be occasioned thereby.
It is clear that the holder of a non-exclusive franchise does not have the right to be free of competition from others enjoying similar rights. See Town of Coushatta v. Valley Electric Membership Corp., 139 So.2d 822 (La.App. 2 Cir. 1962).
It is equally clear that a municipality enjoys the right to operate any revenue producing public utility under R.S. 33:4162, which provides:
“Any municipal corporation or any parish or any other political subdivision or taxing district authorized to issue bonds under Section 14 of Article 14 of the Constitution of Louisiana of 1921, may construct, acquire, extend, or improve any revenue producing public utility and property necessary thereto, either within or without its boundaries, and may operate and maintain the utility in the interest of the public.”
Plaintiff alleges no damage to itself other than that which might result from competition. There has been no attempt on the part of the City to otherwise interfere with or enjoin the enjoyment of the franchise granted to plaintiff by the Tangipa-hoa Parish Police Jury. If such were the case, plaintiff might have shown a cause of action against the City. But in this case, the City threatens only competition, which they are legally entitled to do without in any way infringing on the rights granted to plaintiff under its non-exclusive franchise.
We are, therefore, of the opinion that the trial court correctly sustained the exception of no cause of action filed by the City of Hammond. Since this ruling disposes of the case, we need not consider the validity of the ruling on the exception of res judicata.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.